## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | ) ) ) ) ) ) | NO. 3:23-cv-03071<br>MDL No. 3071<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO MODIFY THE CASE MANAGEMENT ORDER

Plaintiffs respectfully request that the Court grant a modest, three-month extension of certain internal deadlines. This extension will not impact the overall length of this case, nor will it require moving the trial date. Plaintiffs have worked cooperatively with Defendants through several meet and confers and draft proposals, agreeing to a modified schedule that is unopposed by Defendants, who will not be prejudiced by it. Good cause exists for the proposed modification, which accommodates the extended timeline for structured data production and the voluminous productions of documents, allowing the parties sufficient time to work through remaining fact and expert discovery.

I. **Background**

In October 2024, the parties jointly moved the Court to extend the structured data deadline to December 20, 2024. Dkt. 1005. Multiple Defendants sought further extensions of that deadline, which the Court granted. Dkts. 1042 (RPM and The Related Companies), 1043 & 1058 (Knightvest), 1044 (First Communities Management), and 1045 (CWS).

RealPage produced the largest dataset, which included client databases from YieldStar, AIRM, and LRO for many Defendants and other property managers/owners. Given the format of production, it required weeks of work to open the databases and render them useable, including obtaining a new server and making upgrades to existing servers. Plaintiffs' experts were not able to begin reviewing RealPage's data until February 8, 2025, at which point they learned that 142 client databases were inadvertently excluded from the production. After Plaintiffs alerted RealPage, RealPage produced these inadvertently excluded databases on March 24, 2025. Thus, RealPage's full RMS data production—data central to Plaintiffs' claims here—was completed five months after the October 2024 deadline that was contemplated in the initial schedule.

Defendants have also produced a significant number of documents in this case— approximately 13 million. About half of the documents were produced around the completion

deadline of March 28, and Plaintiffs have been working diligently to review these documents to prepare for depositions. Under the deposition protocol, depositions must be noticed 45 days before the month in which depositions are to be taken. As a result, Plaintiffs only had about three months to review documents from the substantially completed document production set before the July deadline to notice September depositions. Plaintiffs have noticed 68 depositions for September and anticipate several dozen additional depositions through the close of fact discovery.

Finally, Plaintiffs have received over 50,000 privilege log entries across all Defendants. Plaintiffs are working cooperatively with Defendants to surface any challenges to these privilege logs and will promptly raise any disputes with the Court.

## II. <u>Legal Standard</u>

Pursuant to Rule 16(b)(4) "once a scheduling order is entered, it 'may be modified only for good cause and with the judge's consent.'" *Briggs v. Vincent-Bushon*, 2018 WL 4261174, at *2 (M.D. Tenn. July 18, 2018). "[W]hether to amend the scheduling order is committed to the sound discretion of the trial court," *id.* (citing *Thompson v. Bruister & Assocs., Inc.*, 2013 WL 1092218, at 4 (M.D. Tenn. Mar. 15, 2013)). "In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Singh v. Vanderbilt Univ. Med. Ctr.*, 2020 WL 6290321, at *2 (M.D. Tenn. Oct. 26, 2020) (citing *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014)).

## III. <u>Argument</u>

Plaintiffs have good cause to seek a modest extension of the case management deadlines that will not impact the trial date and will not unduly prejudice Defendants.

Plaintiffs seek the extension for three reasons. First, it took longer than originally anticipated to collect and process structured data from Defendants. Plaintiffs intend to use the data

for class certification and liability, and the processing of datasets from numerous defendants takes months even after data production is complete. This is why the initial schedule entered by the Court contemplated 16 months between data production completion in October 2024 and opening expert reports in February 2026. Unforeseen delays in the production of complete datasets have caused this original period to narrow substantially. For example, Plaintiffs did not receive the complete revenue management database until March 2025 (about five months after the original October 2024 deadline). Plaintiffs' request for an additional three months to complete processing of that data is reasonable given that timeline.

Second, Plaintiffs need more time to review the large volume of records produced near the end of the original production schedule or after it. Plaintiffs served their requests for production in February 2024. The schedule contemplated rolling productions that would be completed by March 28, 2025 (*i.e.*, a production period spanning about 13 months), with depositions to be completed by November 21, 2025 (8 months after the completion of the productions). The schedule also required at least 45 days' notice to set depositions for any given month. Accordingly, the schedule contemplated that Defendants would roll out productions over that period so that Plaintiffs could analyze the documents, discuss any potential deficiencies with Defendants, use the documents to determine whom to depose, and then initiate the process of setting the depositions (with ample notice to Defendants as required by the protocol). However, for a variety of reasons, it took longer than originally anticipated to agree on custodians and search methodology – such as syntax issues, significant conferrals about appropriate search terms, and numerous in-person conferrals to reach agreement, all of which were noted contemporaneously in monthly joint status reports. This resulted in the production of many documents around the end of the production deadline, which has slowed Plaintiffs' ability to select deponents, set depositions, and adequately prepare for and

3

conclude all depositions by November 21, 2025.

Third, the proposal adds needed time to the fact discovery schedule to resolve privilege log issues. This is modeled after—but much swifter than—the approach in another large pending antitrust MDL *In re Local TV Advertising Antitrust Litig.*, where there were a similar number of privilege log entries (over 50,000). There, Judge Kendall's schedule extension was contingent on the court's disposition of motion practice concerning the withholding of relevant documents.[1] Here, Plaintiffs propose extending the fact discovery deadline by just three months to finish conferrals (and seek Court intervention if needed) on privilege log issues, while minimizing the likelihood Plaintiffs will need to seek to depose anyone a second time.

In cases with large volumes of documents and data, parties cannot perfectly anticipate every issue or how long each step will take. Here, given the intervening and unforeseen developments, Plaintiffs' request is exceedingly modest, particularly when compared to analogous antitrust cases.[2] Also, Plaintiffs' proposal uses room in the remaining schedule to keep the overall schedule the same length, with trial remaining in February 2028. Defendants are therefore not prejudiced by extending interim deadlines where the overall timeline for the litigation remains the same. Nor are they prejudiced by a short fact discovery extension, particularly where Plaintiffs are

---

[1] *In re Local TV Advertising Antitrust Litig.*, No. 18-md-02867 (N.D. Ill.), Dkt. 995 (extending the schedule by the later of twelve months or 90 days after the court's disposition of pending attorney client privilege challenges).

[2] *See, e.g., In re Broiler Chicken Antitrust Litig.*, No. 16-cv-08637 (N.D. Ill.), Dkt. 574, 1230, 2322, and 3420 (extending an initial eighteen-month fact discovery deadline to over three years); *In re Local TV Advertising Antitrust Litig.*, No. 18-md-02867 (N.D. Ill.), Dkt. 436, 510, and 995 (same); *In re Air Cargo Shipping Servs. Antitrust Litig.*, No. 06-md-1775 (E.D.N.Y.), Dkt. 1030, 1335, 1513 & 1729 (fact discovery period of over four years after three interim discovery extensions); *In re Polyurethane Foam Antitrust Litig.*, No. 10-md-02196 (N.D. Ohio), Dkt. 112, 354, 417, 814 & 1033 (fact discovery period of just under three years after four interim discovery extensions); *In re Blue Cross Blue Shield Antitrust Litig.*, No. 13-cv-20000 (N.D. Ala.), Dkt. 229, 575, 989 & 1567 (fact discovery period of over three years after three interim discovery extensions).

4
Case 3:23-cv-00332   Document 481   Filed 07/24/25   Page 5 of 9 PageID #: 7484

still bound by the same deposition limits (regardless of any extension).

IV.     **Conclusion**

Plaintiffs have worked diligently towards meeting the original deadlines and worked cooperatively with Defendants to propose modifications to the schedule that Defendants do not oppose and where the original deadlines could not be met. Plaintiffs respectfully request that the Court grant their unopposed Motion and enter their proposed scheduling order to extend interim case deadlines.

Dated: July 24, 2025                          */s/ Tricia R. Herzfeld*

                                          Tricia R. Herzfeld (#26014)
                                          Anthony A. Orlandi (#33988)
                                          **HERZFELD SUETHOLZ GASTEL LENISKI AND WALL, PLLC**
1920 Adelicia St., Suite 300
Nashville, TN 37212
Telephone: (615) 800-6225
tricia@hsglawgroup.com
tony@hsglawgroup.com

*Liaison Counsel*

Patrick J. Coughlin
Carmen A. Medici
Fatima Brizuela
Isabella De Lisi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 798-5325
Facsimile: (619) 233-0508
pcoughlin@scott-scott.com
cmedici@scott-scott.com
fbrizuela@scott-scott.com
idelisi@scott-scott.com

Patrick McGahan
Amanda F. Lawrence
Michael Srodoski

G. Dustin Foster
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06145
Telephone: (860) 537-5537
Facsimile: (860) 537-4432
pmcgahan@scott-scott.com
alawrence@scott-scott.com
msrodoski@scott-scott.com
gfoster@scott-scott.com

Matthew J. Perez
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
230 Park Ave., 17th Floor
New York, NY 10169
Telephone: (212) 223-6444
matt.perez@scott-scott.com

Stacey Slaughter
Thomas J. Undlin
Geoffrey H. Kozen
Navy A. Thompson
J. Austin Hurt
Caitlin E. Keiper
**ROBINS KAPLAN LLP**
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
tundlin@robinskaplan.com
gkozen@robinskaplan.com
nthompson@robinskaplan.com
ahurt@robinskaplan.com
ckeiper@robinskaplan.com

Laura Song
**ROBINS KAPLAN LLP**
1325 Avenue of the Americas, Ste. 2601
New York, NY 10019
Minneapolis, MN 55402
Telephone: (212) 980-7400
lsong@robinskaplan.com

Swathi Bojedla

6

Mandy Boltax
**HAUSFELD LLP**
1200 17th St NW, Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
sbojedla@hausfeld.com
mboltax@hausfeld.com

Gary I. Smith, Jr.
Joey Bui
Samuel Maida
**HAUSFELD LLP**
580 California St, 12th Floor
San Francisco, CA 94104
Tel: (415) 633-1908
gsmith@hausfeld.com
jbui@hausfeld.com
smaida@hausfeld.com

Katie R. Beran
Mindee Reuben
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Telephone: 1 215 985 3270
kberan@hausfeld.com
mreuben@hausfeld.com

*Interim Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*/s/ Tricia R. Herzfeld*
Tricia R. Herzfeld
